UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Deborah Lynn Leyva,

    Plaintiff,

                                            Case No.:

    v.

Host International Inc.,                  JURY DEMANDED

    Defendant.

_____/

## ORIGINAL COMPLAINT

Comes now plaintiff Deborah Lynn Leyva ("Leyva" or "Plaintiff") with her Original Complaint ("Complaint") against Host International Inc. ("Host"), stating as follows:

### INTRODUCTION

1. This is an action for personal injury brought under Florida Stat. §768.041 - §768.81 et seq. ("Negligence") under Florida common law.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Deborah Lynn Leyva ("Leyva") is an individual and resident of Pinellas County Florida, USA.

3. Upon information and belief Defendant Host International Inc. ("Host"), is a citizen and corporation of Maryland ("MD") with its principal place of business located at 6905 Rockledge Drive Bethesda, MD 20817, USA.

4. Upon information and belief, at all times material hereto, Defendant Host operated through the acts of their employees, agents, representatives, servants, and the like, acting within the course of employment and scope of duties.

5. This Court has subject matter jurisdiction over all of Plaintiff's claims pursuant to 28 U.S.C. § 1332 ("Diversity") because Defendant is not a citizen of the same state as Plaintiff and the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000).

6. This Court has personal jurisdiction over Defendant because Defendant has availed themselves of this forum, having both employees and facilities located in the State of Florida. This Court also has personal jurisdiction over Defendant because Defendant's tortious act of Negligence was caused, either directly or indirectly, by conduct within this jurisdiction and directed by Defendant from this jurisdiction.

7. Venue is proper in this judicial district pursuant to 28 U.S.C 1391 (a) and (b) because Defendant is subject to personal jurisdiction in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Venue is also proper in this judicial district because Defendant has employees and operations in the forum and therefore has availed itself of the forum.

## BACKGROUND

8. On April 19, 2019 Plaintiff slipped and fell ("Fall") in front of a Burger 21 restaurant at Tampa International Airport ("Airport"), which was operated by Host.

9. Upon information and belief, Plaintiff was attended by the Airport paramedics as well as The City of Tampa Emergency Medical Services and taken via ambulance to St. Joseph's Hospital ("Hospital") emergency room where she was diagnosed with multiple breaks in her right humerus. *See* Exhibit A, images of Leyva's broken

humerus.

10.     Hospital staff placed Plaintiff in a cast that spanned from her shoulder to her elbow as well as a sling to support her right arm.

## NEGLIGENCE ALLEGATIONS

11.     Upon information and belief, prior to Plaintiff's Fall, staff at Burger 21 spilled a large drink ("Drink") that was being served to a customer with the fluid from the Drink scattering between five to ten feet, as depicted on a video made available to the Parties on November 25, 2019 by Tampa International Airport ("Airport")/Hillsborough County Aviation Authority at the law offices Murray, Morin & Herman P.A.("MM&H")[1]

12.     Upon information and belief, the Video viewed was captured in low resolution from two distinct Airport cameras.

13.     Upon information and belief, the Video captured the time before the Drink spilled ("Spill") from Berger 21's counter ("Counter"), through the time the Plaintiff traversed the area in front of the counter and fell.

14.     Upon information and belief, the Fall occurred about approximately eight feet (8") vertically from the Counter after Plaintiff passed Burger 21's Counter heading in a horizontal (to the Counter) direction toward the Airport gates.

15.     Upon information and belief, the Video does not capture the time that Plaintiff was whisked away to the Hospital's emergency room, nor does it cover the time that eyewitnesses gathered while Plaintiff still lay prostrate on the ground being attended by paramedics. *See* <u>Exhibit B</u> ¶3, Affidavit of Carlos A. Leyva (i.e. Plaintiff's husband and counsel) ("CAL").

16.     CAL discussed the accident with an Airport police person and took photos

---

[1] Attorney Christopher S. Morin ("Morin") demonstrated the Video to the Parties on behalf of MM&H.

3

of the area surrounding Plaintiff's Fall ("Photos"), although was not present at the time of the Fall.[2] *See* <u>Exhibit C</u>, Photos taken by CAL of the area surrounding the Fall showing mop stains and numerous drops of water remaining on the floor after the slip and fall near Plaintiff's shoe on page 7; *see also* <u>Exhibit B</u> ¶3;

17. Upon information and belief, the Photos taken by CAL show mop stains and drops of water in the area surrounding the Fall ("Area"). *See* <u>Exhibit C</u> pp. 3-14.

18. Upon and information and belief, CAL witnessed another Host agent with a mop in hand upon arrival to the scene of the Fall; this individual is not the same individual that is viewed mopping in the Video. *See* <u>Exhibit B</u> ¶3.

19. Upon information and belief, MM&H counsel Morin informed Plaintiff's counsel that this is ALL the video that is available pursuant to Plaintiff's Fall because of the Airport's standard operating procedures in cases like Plaintiff's.

20. The Airport only produced a short Video despite being put on notice on May 8, 2019 that all evidence should be preserved. *See* <u>Exhibit D</u>, letter from Airport's counsel acknowledging the letter of preservation; *See* <u>Exhibit B</u> ¶4.

21. Upon information and belief, the Airport and Host are in privity with the latter controlling the issuance of the contract by which Host operates the Airport's restaurants.

22. Upon information and belief, the Drink spilled by Burger 21 is the direct and proximate cause of the injuries sustained by Plaintiff during her fall.

23. Upon information and belief, Plaintiff has sustained a substantial about of physical and emotional damages as a result of her Fall: (1) her right arm has been either fully or partially immobilized by either a cast or a brace for a period of eight (8) months

---

[2] CAL was summoned from the gate area by a stander by approximately 10-15 minutes after the Fall.

post the Fall; (2) for six months after the Fall she was unable to drive and perform her normal work and home activities; nor was she able to dress herself nor perform normal personal hygiene without help; (3) as of the writing of the Complaint Plaintiff still wears a brace surrounding her right humerus that causes discomfort and pain and is still in pre surgical/therapy treatment with Dr. Charles Davis ("Davis");[3] and (4) Davis has determined that Plaintiff will be permanently disabled as part of her fall: (1) losing up to 10% mobility in her right arm; and (2) her right arm will always be at least one inch permanently shorter than her left.

## COUNT I NEGLIGENCE
### [Under Florida Common Law]

24. Plaintiff repeats and re-alleges each allegation of the foregoing paragraphs 1-23 as fully set forth herein.

25. Defendant owed Plaintiff a duty of care to properly mitigate the potential damages caused by the Spill and failed to do so. It is clear from the evidence provided herein that still wet "mop stains" and standing water were left on the Area surrounding the Fall despite the facts that Host had several agents mop the Area. It is clear that Host allowed other passengers to walk through the Area potentially spreading both water and ice that led to Plaintiff's Fall.

26. Defendants failed to use reasonable care to mitigate the damages caused by the Spill despite having sufficient notice with which to do so.

27. Defendants' acts or omissions were a direct, proximate, and legal cause of the Plaintiff's Fall, which resulted in, *inter alia*, a permanent disability.

---

[3] The decision as to whether Plaintiff will require orthopedic surgery has been deferred due to the vertical nature of her fracture which at times lead themselves to self-healing after a subsequent amount of time and therapy.

28. As a further direct and proximate result of Defendant's negligence, Plaintiff has incurred lost wages, medical expenses, and pain and suffering.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

**COUNT I Negligence:**

A. Enter judgment against Defendant Host for damages, costs and interest allowable by law in an amount to be proved at trial; and

B. Grant Plaintiff any other and further relief as this Court deems just and proper.

**DATED**: January 13, 2020

                              Respectfully submitted,

                              By:  /s/ Carlos A. Leyva
                              Carlos A. Leyva
                              Florida Bar No. 0051017
                              **DIGITAL BUSINESS LAW GROUP, P.A.**
                              3958 Talah Dr.
                              Palm Harbor, FL 34684
                              (800) 516-7903 phone
                              (800) 257-9128 fax
                              cleyva@digitalbusinesslawgroup.com

                              **ATTORNEY FOR PLAINTIFF**
                              **DEBORAH LYNN LEYVA**