UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH LYNN LEYVA,

    Plaintiff,

v.                                           Case No: 8:20-cv-96-T-36JSS

HOST INTERNATIONAL INC.,
HILLSBOROUGH COUNTY
AVIATION AUTHORITY, and
BURGER 21 INTERNATIONAL,
INC.,

    Defendants.
_____

## ORDER

This matter comes before the Court upon Plaintiff's Renewed Motion to Voluntary Dismiss Plaintiff's Complaint Without Prejudice for Lack of Subject Matter Jurisdiction [Doc. 69] and Defendants' Response in Opposition [Doc. 75]. In her motion, Plaintiff argues that the Court no longer has subject matter jurisdiction as diversity has been destroyed, and the Court should dismiss this action without prejudice. [Doc. 69 at pp. 1-2]. Defendants argue that the motion should be denied because, among other things, Plaintiff filed the action in this Court and has engaged in fraudulent joinder in order to destroy diversity. [Doc. 75]. Having considered the motion and being fully advised in the premises, the Court will dismiss this action, without prejudice, for lack of subject matter jurisdiction.

I.  BACKGROUND

As alleged in the Second Amended Complaint, on April 19, 2019, Plaintiff, Deborah Lynn Leyva, was traversing the Tampa International Airport airside when she slipped and fell on a transitory foreign substance on the floor in front of the Burger 21 restaurant located in the Tampa International Airport, sustaining injuries. [Doc. 50 ¶ 12]. Several months later, she filed suit in this Court, pursuant to 28 U.S.C. § 1332, claiming that the operator of the Burger 21 restaurant, Host International Inc. ("Host"), was negligent. *Id.* ¶ 6; Doc. 1.

Subsequently, she was granted leave to amend the complaint to add as defendants Burger 21 International, Inc. and the Hillsborough County Aviation Authority (HCAA).  The Amended Complaint alleges that Burger 21 International, Inc, granted a license to Host to operate the subject restaurant, but retained the right and assumed the responsibility to enter the facility at any time during normal business hours to examine the premises to determine if Host was operating the facility in a clean, safe, and orderly manner, and undertook other responsibilities with respect to training staff or personnel. [Doc. 50 ¶¶ 6, 7]. It also alleges that HCAA controls, supervises, and manages the Tampa International Airport. *Id.* ¶ 8.

**Count I** alleges that Host failed to do a number of things, including adequately maintain and inspect the floors in the area of Plaintiff's fall and warn Plaintiff of the danger of slipping on the transitory substance in the area of her fall. *Id.* ¶ 18. Plaintiff also alleges that Host was negligent in spilling the beverage on the floor, in mopping and cleaning up the wet floor, and in training and supervising persons under its control

as to proper clean up and warning procedures. *Id.* **Count II** presents the same allegations against Burger 21 International, Inc. on the basis that it retained control of the operations of the Burger 21 restaurant. *Id.* ¶¶ 19, 22. In **Count III**, Plaintiff alleges that Burger 21 International, Inc. is vicariously liable for the acts and omissions of Host while they were involved in a business relationship. *Id.* ¶¶ 24, 26. Lastly, **Count IV** alleges that HCAA had a duty to correct any dangerous condition and/or warn of its existence on, near or around the area of the Plaintiff's fall as it was the possessor of and in control of the Tampa International Airport. Id. ¶¶ 28, 31.

Plaintiff now moves, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1332, to dismiss the complaint without prejudice. [Doc. 69]. She argues that the claim does not involve a federal question and that the addition of new defendants has destroyed diversity such that the Court lacks subject matter jurisdiction.[1] *Id.* ¶¶ 3-9. She further argues that because very little discovery has been completed to date, Defendants would not be prejudiced. *Id.* ¶ 11.

Defendants Host does not disagree that diversity has been destroyed, but contends that Plaintiff has fraudulently joined the non-diverse defendants, having previously determined that neither HCAA nor Burger 21 had any involvement in the subject fall and declined to bring suit against them. [Doc. 75 at pp. 2, 3]. Defendants contend that Plaintiff brough suit in this Court, represented that it would not be suing HCAA or any other Florida defendant, and has now decided a state venue may be

---

[1] Plaintiff had previously pointed this out in its Amended Complaint. [Doc. 50 ¶ 11].

3

more appropriate. *Id.* As to prejudice, Defendants point out that this case has been in litigation for almost two years, both Plaintiff and Host have participated in written discovery, mediation occurred on July 31, 2020, and that the case is set for trial in November of 2021. *Id.* at pp. 3-5. Considering these and other factors, Defendants urge the Court to deny the motion at this "late stage of litigation.'" *Id.* at pp. 5-6.

## II. LEGAL STANDARD

Rule 41 of the Federal Rules of Civil Procedure governs the ability of a plaintiff to dismiss an action voluntarily and without prejudice. *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). A plaintiff must seek leave of court to voluntarily dismiss an action once an answer or a summary judgment motion has been filed. *Id.* According to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper." *Id.* "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (quoting *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 856 (11th Cir. 1986)).

"The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014) (quoting *Pontenberg,* 252 F.3d at 1255). In *Potenburg*, the Court stated:

> "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,* as a result." "The crucial question to be determined is, Would the defendant

4

> lose any substantial right by the dismissal." In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."

252 F.3d at 1255–56 (citations omitted). "Rule 41(a)(2) exists chiefly for protection of defendants," *Arias*, 776 F.3d at 1269, and "[a] plaintiff enjoys no right to a voluntary dismissal without prejudice." *Mosley v. JLG Indus., Inc.*, 189 F. App'x 874, 875 (11th Cir. 2006).

## III.  DISCUSSION

Plaintiff's request for voluntary dismissal is based on the loss of subject matter jurisdiction caused by the addition of non-diverse defendants. Defendants contend that Burger 21 International, Inc. and HCAA were fraudulently joined by Plaintiff in order to defeat diversity. Defendants also contend that it will be prejudiced if the Court grants the requested relief.

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "[W]ithout jurisdiction the court cannot proceed at all in any cause." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[W]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-

diverse defendant." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir.2006)).

"Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). "[A] third situation of fraudulent joinder [exists] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.*

Generally, a party must establish fraudulent joinder by clear and convincing evidence. *Stillwell*, 663 F.3d at 1332 (applying this standard of proof in the context of removal from state court based on fraudulent joinder). Additionally, "[t]he proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R .Civ. P. 56(b)" and "the district court must resolve all questions of fact … in favor of the plaintiff." *Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005) (quotations and citations omitted). However, the jurisdictional inquiry must not subsume substantive determinations and federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (addressing remand where action removed by defendant).

In this case, Defendants do not contend that Plaintiff has fraudulently pleaded jurisdictional facts. Instead, Defendants raise various arguments including that the claims against Burger 21 are the subject of a pending motion for summary judgment and that the claims against HCAA fail for lack of compliance with a condition precedent to suit. [Doc. 75 at p. 6]. That Defendant Burger 21 has moved for summary judgment against Plaintiff, without more, does not suggest to the Court that there is no possibility that Plaintiff can prove a cause of action against Burger 21. Additionally, "Rule 41(a) expressly contemplates situations in which the district court may, in its discretion, dismiss an action without prejudice even after the defendant has moved for summary judgment." *Pontenberg*, 252 F.3d at 1258. This is not enough to satisfy Defendants' burden as to whether Burger 21 International, Inc, was fraudulently joined in this litigation.

The claim that HCAA failed to comply with a condition precedent to suit is also not sufficient to meet Defendants' burden to establish that HCAA was fraudulently joinder. In her complaint, Plaintiff alleges that "[a]ll conditions precedent have been satisfied or waived pursuant to Florida Statute 768.28(6)"[2] and that HCAA "was notified on June 3, 2020." [Doc. 50 ¶ 9]. She further provides correspondence from

---

[2] Fla. Stat. § 768.28(6)(a) states: "An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, county, or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing."

7

her counsel to HCAA notifying it of her claim. [Doc. 50-1]. Defendants correctly note that Plaintiff failed to attach a denial letter. However, this does not disprove the allegations in her complaint that conditions precedent to suit have been satisfied or waived. Moreover, there is absolutely no evidence before the Court that the claim was not denied, and the Court is bound to resolve all questions of fact in Plaintiff's favor. *Legg*, 428 F.3d at 1322–23.

There is also no merit to Defendants' arguments that Plaintiff unequivocally represented it would not pursue litigation against HCAA or any Florida defendant and that Plaintiff has added the Florida defendants to defeat diversity because she has now decided that a state court venue may be more favorable. First, Plaintiff may change her mind, and to the extent allowed by law, is entitled to assert claims against any individual or entity against whom such claims may lie. Defendants do not contend that they detrimentally relied on the representation and have cited no authority precluding Plaintiff from now changing her mind. In the same vein, Defendants have cited no authority prohibiting a litigant from changing her mind about litigating in federal court in circumstances like those here. Importantly, a plaintiff's choice of forum is generally accorded deference. *See Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009); *Firestone Bldg. Prod. Co., LLC v. Ramos*, 750 F. App'x 777, 780 (11th Cir. 2018) (stating same in addressing forum *non conveniens*). That Plaintiff seeks to hop from federal court to state court in hopes of a better outcome, by itself, is not grounds on which a court may find fraudulent joinder. The claims alleged by Plaintiff are based on state law, negligence – premises liability, and "state courts are the

8

ultimate expositors of state law." *Holton v. Newsome*, 750 F.2d 1513, 1516 (11th Cir. 1985); *Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1553 (11th Cir. 1992) ("State courts, not federal courts, are the final expositors of state law.").

Having determined that Defendants failed to establish that the non-diverse defendants were fraudulently joined, diversity has been destroyed and the Court is without subject matter jurisdiction in this case. In the absence of jurisdiction, the Court cannot proceed in this case. *Univ. of S. Alabama*, 168 F.3d at 410.

Accordingly, it is hereby **ORDERED**:

1. This case is dismissed, without prejudice, for lack of subject matter jurisdiction.

2. To the extent Defendants seek recovery of their attorney's fees incurred since the filing of the original Complaint, *see* doc 75, p. 7, that request is denied. It does not comply with Local Rule 3.01.

3. The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Tampa, Florida on April 19, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any